UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

L. LEE WHITNUM,
    Plaintiff,

v.

TOWN OF DARIEN, et al.,
    Defendants.

No. 3:16-cv-01826 (SRU)

## RULING AND ORDER

L. Lee Whitnum filed suit against the Town of Darien and its police department in Connecticut Superior Court, alleging that the Town illegally impeded her relationship with her husband and maliciously prosecuted her in violation of state law. The Town removed Whitnum's lawsuit to this court, contending that her malicious prosecution claim arises under 42 U.S.C. § 1983 and therefore gives rise to federal subject matter jurisdiction. Whitnum denies that she asserted a claim under section 1983 and has moved to remand to state court. I agree with Whitnum, and therefore grant her motion and order the case remanded to Superior Court.

### I.  Standard of Review

Pursuant to the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, whether a civil action may be removed from state court turns on whether "the district court has original jurisdiction," *Aetna Health v. Kirshner*, 415 F. Supp. 2d 109, 112 (D. Conn. 2006) (Arterton, J.), as determined "by looking to the complaint as it existed at the time the petition for removal was filed," *Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74, 79 (D. Conn. 1998) (Droney, J.).

"The burden of establishing the existence of federal subject matter jurisdiction rests on the removing party." *Kirshner*, 415 F. Supp. at 112. "If it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 8 (1983).

**II.     Background**

Whitnum filed a complaint in Connecticut Superior Court on September 4, 2014, Doc. No. 1-1, alleging 24 counts of invasion of privacy, intentional infliction of emotional distress, and negligence against the Town of Darien.[1] Whitnum amended her complaint on November 10, Doc. No. 1-2, including for the first time a count for violation of 42 U.S.C. § 1983, *id.* at 3. The Town did not remove Whitnum's First Amended Complaint, but instead moved on January 7, 2015 to dismiss the section 1983 count (among others). *See* Notice of Removal, Doc. No. 1, at 2. The Superior Court granted the Town's motion to dismiss on July 8, Superior Court Decision, Doc. No. 1-3, at 6–9 (noting that "Count One is labeled as a claim pursuant to 42 U.S.C. § 1983, but a fair and liberal reading . . . reveals it is actually a claim brought pursuant to General Statutes § 19a-550 regarding a patient's bill of rights"). Whitnum then filed a Second Amended Complaint on October 14, 2016, Doc. No. 1-4, which the Town removed to this court on November 7, Doc. No. 1, at 2. Whitnum responded with several filings, including a motion to remand on December 7. *See* Doc. No. 31.

---

[1] Whitnum also purports to sue the Town of Darien Police Department, but the Town correctly "note[s] that the 'Town of Darien Police Department' is a municipal department and has no separate legal existence." *See* Def.'s Obj. Mot. Bifurcate, Doc. No. 22, at 1 n.1.

**III.    Discussion**

The Town removed Whitnum's Second Amended Complaint on the basis of 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." Whitnum responds that she "has no causes of action that entailed any violation of federal law," and that "[t]here are no federal causes of action in this case." Pl.'s Reply Obj. Mot. Bifurcate, Doc. No. 25, at 1 (emphasis removed); Pl.'s Mot. Remand, Doc. No. 31, at 1. She asks that I "[o]rder transfer of this case back to the [state] court." Pl.'s Mot. Remand, Doc No. 31, at 1.

Whitnum's First Amended Complaint included a count for violation of a federal statute, 42 U.S.C. § 1983, but that count was dismissed by the Superior Court prior to removal by the Town.[2] *See* Superior Court Decision, Doc. No. 1-3, at 6–9; *Moscovitch*, 25 F. Supp. 2d at 79 ("In the context of removal, . . . whether subject matter jurisdiction exists is a question answered by looking to the complaint *as it existed at the time the petition for removal was filed*." (emphasis added) (internal quotation marks omitted)). Nevertheless, the Town asserts that this court still "has federal question jurisdiction over" the Second Amended Complaint because Whitnum "allege[s] malicious prosecution in violation of 42 U.S.C. § 1983." Notice of Removal, Doc. No. 1, at 1–2. Whitnum responds that "none of the causes of action in the [Second] Amended Complaint . . . allege[s] federal violations." Pl.'s Mot. Bifurcate, Doc. No. 18, at 1–2.

Whitnum's Second Amended Complaint does include counts for malicious prosecution and false arrest, causes of action that may be "cognizable under [section] 1983 . . . if [they]

---

[2] Even if the present complaint contained a section 1983 claim, a credible argument could be made that the Town's removal was untimely because it was not effected "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Because I conclude that the Second Amended Complaint raises no federal claim, however, I need not decide the timeliness of the removal.

implicate[] the plaintiff's federal statutory or constitutional rights." *Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir. 1995); *see Turner v. Boyle*, 116 F. Supp. 3d 58, 84–85 (D. Conn. 2015). But section 1983 does not preempt all of state tort law, and Whitnum, as "master of [her] complaint," remains "free to avoid federal jurisdiction by 'pleading only state claims even where a federal claim is also available.'" *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010) (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998)); *see McHale v. W.B.S. Corp.*, 187 Conn. 444, 447 (1982) (stating elements of malicious prosecution in Connecticut).

Under the "well-pleaded complaint" rule, "federal question jurisdiction exists only if 'plaintiff's statement of [her] own cause of action shows that it is based' on federal law." *Romano*, 609 F.3d at 518 (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)). Here, Whitnum insists that "the amended complaint . . . contains no federal causes of action," Pl.'s Mot. Remand, Doc. No. 31, at 1, and no mention of section 1983 appears "on the face of the [Second Amended C]omplaint," *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987); *see* Second Am. Compl., Doc. No. 1-4. Because Whitnum is "the master of the claim," she "may avoid federal jurisdiction by exclusive reliance on state law." *See Caterpillar*, 482 U.S. at 392. Her decision "not . . . [to] purs[ue] any federal causes of action" vitiates federal subject matter jurisdiction in the instant case. *See* Pl.'s Reply Obj. Mot. Bifurcate, Doc. No. 25, at 1.

"[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd.*, 463 U.S. at 10 (emphasis omitted). Here, the Town "cannot . . . transform the action into one arising under federal law" by "injecting [section 1983] into an action that asserts what is plainly a state-law claim." *Caterpillar*, 482 U.S. at 399. Because none of Whitnum's claims in the Second Amended Complaint "arises under federal law," *see Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987),

and no other basis exists for the exercise of federal jurisdiction,[3] I must remand Whitnum's case to Connecticut state court. *Cf. Kirshner*, 415 F. Supp. 2d at 114 (remanding to Connecticut Superior Court after holding that state law claim for malicious prosecution did not establish federal subject matter jurisdiction).

## IV.   Conclusion

For the reasons stated, I grant Whitnum's motion to remand, Doc. No. 31, and order the case remanded to Connecticut Superior Court, Judicial District of Fairfield at Bridgeport. I deny as moot Whitnum's motion to bifurcate, Doc. No. 18; motion for reconsideration, Doc. No. 19; motion to transfer, Doc. No. 24; motion for extension of time, Doc. No. 27; motion to continue, Doc. No. 28; and motion for order, Doc. No. 32. I leave for the resolution of the Superior Court Whitnum's motion to open, Doc. No. 6, which was pending at the time of removal.

The Clerk shall transfer the file to state court and close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 9th day of December 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[3] There is no diversity of citizenship: Whitnum represents herself to be a resident of Greenwich, Connecticut, and the Town of Darien, as "a political division of [the] State" of Connecticut, "is a citizen of the State for diversity purposes." *See Schiavone Constr. Co. v. City of New York*, 99 F.3d 546, 548 (2d Cir. 1996) (quoting *Moor v. Cnty. Of Alameda*, 411 U.S. 693, 717 (1973)).