# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

L. LEE WHITNUM,
    Plaintiff,

    v.

TOWN OF DARIEN, et al.,
    Defendants.

No. 3:16-cv-01826 (SRU)

## RULING AND ORDER

L. Lee Whitnum, *pro se*, has filed a series of motions aimed at reversing my ruling and order dated December 9, 2016. In that ruling, I held that removal of this case was improper due to lack of subject matter jurisdiction, and I ordered the case remanded to Connecticut Superior Court. Doc. No. 33. Because remand already has been effected, I lack jurisdiction to reconsider my earlier ruling, and I deny Whitnum's motion for lack of subject matter jurisdiction.

## I.    Standard of Review

Federal Rule of Civil Procedure 60(b) provides that the district court may

> relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b)
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

The standard for granting motions for reconsideration is strict. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright et al., *Federal Practice & Procedure* § 4478).

## II.    Background

L. Lee Whitnum initiated a suit in Connecticut Superior Court on September 4, 2014, in which she alleged state tort claims against the Town of Darien. Compl., Doc. No. 1-1. On November 7, 2016, the Town removed Whitnum's Second Amended Complaint to this court, arguing that I had subject matter jurisdiction because one of Whitnum's claims arose under a federal statute, 28 U.S.C. § 1983. *See* Doc. No. 1, at 2. Whitnum responded that she "ha[d] no causes of action that entailed any violation of federal law," and asked that I "[o]rder transfer of this case back to the [state] court." Reply Obj. Mot. Bifurcate, Doc. No. 25, at 1 (emphasis removed); Mot. Remand, Doc. No. 31, at 1.

After examining the complaint, I agreed that Whitnum's claims did not "arise[] under federal law." *See* Ruling & Order, Doc. No. 33, at 4 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Although Whitnum's allegations of malicious prosecution and false arrest

certainly could be "cognizable under [section] 1983," Whitnum had chosen "to avoid federal jurisdiction by pleading only state claims even where a federal claim [was] also available." *Id.* at 3–4 (quoting *Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir. 1995); *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010) (internal quotation marks omitted)). Because none of Whitnum's claims was "based on federal law," and "no other basis exist[ed] for the exercise of federal jurisdiction," I ordered that Whitnum's case be remanded to Connecticut Superior Court. *See* Ruling & Order, Doc. No. 33, at 4–5 (quoting *Romano*, 609 F.3d at 518 (internal quotation marks omitted)). The Clerk effected remand to state court on December 27, 2016. Doc. No. 34.

After the case was remanded, on March 7, 2017, the Superior Court issued an order striking Whitnum's claim for loss of consortium. *See* Doc. No. 240.01, *Whitnum v. Town of Darien*, No. FST-CV14-5015302-S (Conn. Super. Ct. Mar. 7, 2017). Whitnum attempted to revive the claim by joining her former husband, the late James J. Baker, as co-plaintiff. *See* Doc. No. 251.00, *id.* (Feb. 21, 2017). The Superior Court sustained the defendants' objection to joining Baker on April 24, 2017. *See* Doc. No. 258.01, *id.* (Apr. 24, 2017).

Whitnum then filed a new complaint on May 3, 2017, in which she added a federal section 1983 claim for "violations of constitutional rights by state officials." *See* Doc. No. 297.00, *id.* (May 3, 2017) The same day, Whitnum gave notice of her intent to remove the case back to U.S. District Court. Doc. No. 298.55, *id.* (May 3, 2017). On May 5, 2017, she filed a motion in this court to reopen her federal case, which effectively constitutes a motion for reconsideration of my earlier ruling remanding the case.[1] *See* Doc. No. 35, *Whitnum v. Town of Darien*, No. 3:16-cv-01826 (SRU) (D. Conn. May 5, 2017).

---

[1] Whitnum also filed a motion for adjudication on May 5, 2017, Doc. No. 36, a motion for order on May 15, 2017, Doc. No. 37, and a substituted complaint on May 15, 2017, Doc. No. 38, in which she seeks further relief related to her case. In addition, on May 19, 2017, Whitnum—

3

### III.    Discussion

Whitnum moves for reconsideration pursuant to Rule 60(b)(6), contending that "other reason[s] . . . justif[y] relief" from my earlier order because she "cannot get justice . . . in the Superior Court." *See* Mot. Reconsid., Doc. No. 35, at 3. Because "[e]ntry of an order of remand and mailing a certified copy to the State Court . . . completely divests the federal court of jurisdiction," however, I cannot consider Whitnum's motion and must deny it for lack of jurisdiction. *See Rosenberg v. GWV Travel*, 480 F. Supp. 95, 97 n.3 (S.D.N.Y. 1979).

Section 1447(d) of the federal removal statute provides in pertinent part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). "Although section 1447(d) could be read expansively to apply to all remand orders," the Supreme Court has construed the provision to "prohibit[] review only of those remand orders based on the grounds specified in section 1447(c)." *Price v. J&H Marsh & McLennan*, 493 F.3d 55, 59 (2d Cir. 2007) (Newman, J.) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996)). Among other grounds set forth in section 1447(c), a district court must order remand if it "determine[s] that [it] lack[s] subject matter jurisdiction." *See id.* Such remand may occur at any time, for without subject matter jurisdiction—as determined 'by looking to the complaint as it existed at the time the petition for removal was filed," *Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74, 79 (D. Conn. 1998) (Droney, J.)—the case was never susceptible to being removed at all. *See* Ruling & Order, Doc. No. 33, at 1.

As the Second Circuit has held, section 1447(d)'s prohibition of review "on 'appeal or otherwise' . . . preclude[s] not only appellate review but also reconsideration by the district court." *Shapiro v. Logistec USA*, 412 F.3d 307, 311 (2d Cir. 2005) (quoting *Seedman v. U.S.*

---

alleging that "there is bias at play"—filed another motion for reconsideration of my order denying her motion to transfer the case to U.S. District Judge Victor A. Bolden. *See* Doc. No. 39.

*District Court*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam)); *accord Three J Farms v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir. 1979) (Section 1447(d) "not only forecloses appellate review, but also bars reconsideration of such an order by the district court."). Reconsideration is barred "out of respect for the state court and in recognition of principles of comity." *Three J Farms*, 609 F.2d at 115 (quoting *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252 (1st Cir. 1969)). Federal circuits have observed that district courts should "interfere[] with" state proceedings through removal "once, at most," and that "[t]he action must not ricochet back and forth depending upon the most recent determination of a federal court." *Id.* (quoting *In re La Providencia Dev. Corp.*, 406 F.2d at 252). Thus, "once a section 1447(c) remand order has been mailed to the state court . . . , federal jurisdiction is at an end," and the district court "has no power to retrieve" the remanded case. *Shapiro*, 412 F.3d at 312; *Seedman*, 837 F.2d at 414.

In short, I may reconsider my earlier ruling only if (a) the remand order did not arise under section 1447(c), or (b) the order has not been "mailed to the state court." *See Shapiro*, 412 F.3d at 312. "It is a question of law whether the district court based its remand order on a section 1447(c) ground," a question that should be "address[ed] . . . by looking to the grounds upon which the court purported to base its decision." *Id.* at 310. In the ruling of December 9, 2016, I held that removal was improper and remand was required because Whitnum's claims did not "arise[] under federal law," and "no other basis exist[ed] for the exercise of federal jurisdiction." *See* Ruling & Order, Doc. No. 33, at 4–5. Section 1447(c) provides for remand if the district court "determin[es] that [it] lack[s] subject matter jurisdiction." *Price*, 493 F.3d at 59. Hence, my remand order clearly fell within the ambit of section 1447(c). *See Myers v. Sara Lee Corp.*, 2009 WL 1373578, at *1 (E.D.N.Y. May 15, 2009) ("[S]ection 1447(d) bars district courts from

reconsidering orders remanding cases on grounds of lack of federal subject matter jurisdiction." (internal quotation marks omitted)).

In addition, the Clerk long since "certifie[d] [the] remand order to state court." *See Seedman*, 837 F.2d at 414. The docket reflects that the Clerk provided notice of remand to the Superior Court on December 27, 2016. Doc. No. 34. Proceedings have been ongoing in state court since January 4, 2017. *See* Mot. Strike, Doc. No. 240.00, *Whitnum v. Town of Darien*, No. FST-CV14-5015302-S (Conn. Super. Ct. Jan. 4, 2017). In the months since the case was remanded, the Superior Court appears to have held several hearings and issued a multiple of orders. *See, e.g.*, Doc. No. 240.01, *id.* (Mar. 7, 2017); Doc. No. 252.01, *id.* (Apr. 10, 2017); Doc. No. 252.02, *id.* (Apr. 10, 2017); Doc. No. 253.01, *id.* (Apr. 10, 2017); Doc. No. 258.01, *id.* (Apr. 24, 2017). Were I now to belatedly retrieve Whitnum's case, the litigation would indeed "ricochet back . . . depending upon the most determination of [this] court"—precisely the situation that multiple circuits have cautioned that I should avoid. *See Three J Farms*, 609 F.2d at 115 (*In re La Providencia Dev. Corp.*, 406 F.2d at 252).

Therefore, I conclude that my remand order was issued pursuant to section 1447(c), and that the order already has been "mailed to the state court." *See Shapiro*, 412 F.3d at 312. As a result, I am "divested of jurisdiction and can take no further action on the case." *Seedman*, 837 F.2d at 414. I cannot decide Whitnum's motion for reconsideration on the merits, but instead must deny the motion for lack of subject matter jurisdiction.

I note that Whitnum's motion also could be construed as a second notice of removal. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006) (*pro se* submissions should be "construed liberally and interpreted so as to raise the strongest arguments that they suggest" (internal quotation marks and brackets omitted)). But "the right of removal is vested

exclusively in defendants," and "[a] plaintiff simply may not remove an action from a state court." *Geiger v. Arctco Enters.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996); *accord Martocchio v. Savoir*, 2009 WL 3248673, at *1 (D. Conn. Oct. 7, 2009) ("A plaintiff . . . is not allowed to remove a state court action to federal court. Only a defendant can remove."). Although Whitnum could originally have filed a section 1983 claim in federal court, once she "file[d] [her] case in state court, only [the] defendant[s] [could] remove the action to federal court." *Deutsche Bank Nat'l Tr. Co. v. Doe*, 2010 WL 4683923, at *2 (D. Conn. Nov. 4, 2010) (emphasis removed) (citing, e.g., *Franklin Nat'l Bank Sec. Litig. v. Andersen*, 532 F.2d 842, 846 (2d Cir. 1976); *Adams v. Adminastar Defense Servs.*, 901 F. Supp. 78, 79 (D. Conn. 1995)). Whitnum, as "the plaintiff[] in the state-court case, . . . lack[s] the authority to remove the action," and remand still would be required even were I to consider her motion to be a notice of removal. *See Murray v. Hy Cite Corp./Royal Prestige*, 150 F. Supp. 2d 527, 529 (E.D.N.Y. 2001).

## IV.    Conclusion

I deny Whitnum's motion to reopen, Doc. No. 35, due to lack of subject matter jurisdiction. I also deny as moot her motion for adjudication, Doc. No. 36; her motion for order, Doc. No. 37; and her motion for reconsideration, Doc. No. 39.

The Clerk shall send a copy of this ruling to Connecticut Superior Court, Judicial District of Fairfield at Bridgeport.


So ordered.

Dated at Bridgeport, Connecticut, this 20th day of June 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge